739 F.2d 1371
 16 Fed. R. Evid. Serv. 418
 UNITED STATES of America, Appellee,
v.
1,014.16 ACRES OF LAND, MORE OR LESS, SITUATE IN VERNON
COUNTY, STATE OF MISSOURI, and Timberhill
Riverbend, Inc., et al., Appellants,
UNITED STATES of America, Appellee,
v.
10.02 ACRES OF LAND, MORE OR LESS, PARCEL NO. 1, SITUATE IN
VERNON COUNTY, STATE OF MISSOURI, and H.A. Kelso
and Doradee Kelso, Appellants.
 No. 83-1749.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 15, 1983.
Decided Aug. 1, 1984.
 
 Robert G. Ulrich, U.S. Atty., Vernon A. Poschel, Asst. U.S. Atty., Kansas City, Mo., F. Henry Habicht II, Acting Asst. Atty. Gen., Anne S. Almy, Janet L. Steckel, Attys., Dept. of Justice, Washington, D.C., for appellee.
 Laurence R. Tucker, Morris, Larson, King, Stamper & Bold, Kansas City, Mo., S. Preston Williams, Thomas E. Barzee, Jr., Law Offices of S. Preston Williams, North Kansas City, Mo., for appellants.
 Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The landowners appeal from a final judgment entered in the District Court[1] for the Western District of Missouri confirming a condemnation commission report over the objections of the landowners and the government, awarding the landowners $276,000, plus interest, as just compensation for the taking of a flowage easement. For reversal the landowners argue that the district court erred in (1) permitting the introduction of hydrology data, (2) concluding that the commission's report was adequate, and (3) permitting the introduction of expert testimony based on inadmissible hearsay. For the reasons discussed below, we affirm.
 
 
 2
 This appeal involves two independent condemnation actions instituted by the United States; these actions were consolidated by the district court. On December 6, 1978, and March 19, 1979, the United States filed complaints in condemnation and declarations of taking to acquire a flowage easement over certain tracts of land located in Vernon County, Missouri. The easement, giving the government the right occasionally to flood and submerge the land in question, was acquired in connection with the construction and operation of the Harry S. Truman Dam and Reservoir. The easement affects 2,126.02 acres which are owned by the landowners in fee simple and 640 acres in which the landowners own hunting and fishing rights.
 
 
 3
 The district court appointed a condemnation commission to visit the property, hear testimony and receive evidence to determine the fair value of the property interest taken. In its instructions to the commission, the district court specified the method to be used to determine the amount of just compensation and described the necessary contents of the commission's report which was to be filed with the district court. After viewing the property and conducting a hearing, the commission filed a lengthy report with the district court, recommending that the landowners be awarded $276,000, plus interest, as just compensation for the flowage easement. Both parties filed objections to the commission's report. The landowners claimed that the award was too low; the government contended that it was too high. The district court overruled the objections of both parties and approved and adopted the commission's award of just compensation. United States v. 1,014.16 Acres of Land, 558 F.Supp. 1238 (W.D.Mo.1983).
 
 
 4
 The landowners argue that the district court erroneously allowed the introduction of hydrology data concerning the frequency and duration of flooding on the subject land, thereby impermissibly decreasing the extent of the taking as described in the complaint and declaration. Considering this argument below, the district court said:
 
 
 5
 As in [Karlson v. United States, 82 F.2d 330 (8th Cir.1936) ], the interest the government takes is generally defined in the declarations of taking but recourse must be had to the Act of Congress and to the House Document to determine more specifically the extent of the taking. Furthermore, as in Karlson, these documents are not and can not possibly be made explicit enough to determine the frequency or duration of flooding and the resulting extent of taking. Thus, the parties are permitted to introduce expert evidence to aid the Commission in making this determination. Although it is impermissible for the government to increase or decrease the extent of the taking described, it is not impermissible for the government to introduce evidence to make more definite the interest acquired by the complaints and declarations.
 
 
 6
 Id. at 1241. We agree that the commission properly considered the hydrology data in determining damages for the flowage easement.
 
 
 7
 Next, the landowners challenge the adequacy of the commission's report arguing that the report was speculative, based on insubstantial evidence, and did not adequately set forth its reasoning. The landowners also argue that their due process rights were violated because the description of the property to be taken was so vague and ambiguous that they were prevented from adequately preparing for the hearing. Considering similar challenges, in United States v. 403.14 Acres of Land, 553 F.2d 565 (8th Cir.1977), we said:
 
 
 8
 Regardless of the correctness or incorrectness of the Commission's ultimate finding, the report clearly shows the factual bases for the finding, and clearly marks the path that the Commission followed in arriving at its conclusion. And that is all that is required of a commission report. There is no requirement that such a report be perfect in form or structure or that it be immune from all criticism that can be advanced by diligent counsel dissatisfied with the result reached by a commission.
 
 
 9
 Id. at 570.
 
 
 10
 Reviewing the commission's report, the district court in the present case said:
 
 
 11
 [We] find it to be a detailed and well written document. The Report clearly shows the factual bases for the finding of value and explicitly and comprehensively the path that the Commission followed. The Report adequately discloses the approach taken by the Commission and satisfies the requirements set out in United States v. Merz, 376 U.S. 192 [84 S.Ct. 639, 11 L.Ed.2d 629] (1964).
 
 
 12
 United States v. 1,014.16 Acres of Land, 558 F.Supp. at 1241. We find no error in the district court's conclusion.
 
 
 13
 Finally, the landowners argue that the commission improperly considered expert testimony that was based on the opinions of other experts. The district court properly noted that in condemnation cases, federal procedural and evidentiary rules apply. The district court considered the admissibility of the disputed testimony under Fed.R.Evid. 703[2] and concluded that the testimony was properly considered by the commission. Id. at 1242. We find no abuse of discretion.
 
 
 14
 We have carefully examined the record and find no error of law or fact on the part of the district court. Accordingly, we affirm on the basis of the district court's opinion. See 8th Cir.R. 14.
 
 
 
 [1]
 The Honorable John W. Oliver, United States Senior District Judge for the Western District of Missouri
 
 
 [2]
 Fed.R.Evid. 703 provides:
 The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.